Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| PABLO JOSÉ OLLER LÓPEZ Y OTROS<br><br>RECURRIDOS<br><br>V.<br><br>ELONTO RAFAEL HERÁNDEZ COLÓN POR SI Y EN REP. DE LA SLG COMP. CON JULISSA MARIE FUENTES RIVERA Y OTROS<br><br>PETICIONARIOS | TA2026CE00307 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV01915<br><br>Sobre: Acción Rescisoria y Otros |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 21 de abril de 2026.

## I.

El 12 de marzo de 2026, el señor Elonto Rafael Hernández Colón, su esposa la señora Julissa Marie Fuentes Rivera, la Sociedad Legal de Gananciales, compuesta por ambos, y Chrono Shop PR, LLC (en conjunto, parte peticionaria) presentaron digitalmente un recurso de *Certiorari* en el que nos solicitaron que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 10 de febrero de 2026, notificada y archivada digitalmente en autos el 13 de febrero de 2026.[1] Mediante el dictamen, el TPI declaró No Ha Lugar la moción de desestimación presentada por la parte

---

[1] Véase entrada núm. 42 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

peticionaria y, le concedió a ésta un término de treinta (30) días para presentar su alegación responsiva.

Junto al recurso, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción* en la que nos solicitó que ordenáramos la paralización inmediata de los procedimientos del caso de epígrafe ante el TPI.[2]

El 13 de marzo de 2026, emitimos una *Resolución* en la que declaramos Ha Lugar la solicitud de orden en auxilio de jurisdicción.[3] Además, le concedimos a la parte recurrida hasta el 24 de marzo de 2026, para exponer su posición sobre los méritos del recurso.

El 24 de marzo de 2026, el señor Pablo José Oller López y la señora Caroline Vargas Ortiz (en conjunto, parte recurrida) presentaron un *Memorando en Oposición a la Expedición del Auto de Certiorari*.[4] Solicitaron que deneguemos la expedición del recurso peticionado.

El 13 de abril de 2026, la parte recurrida presentó un *Alegato en Oposición* en el que reiteró su súplica para que deneguemos la expedición del recurso.[5]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes para su atención.

**II.**

El caso de marras tuvo su génesis el 9 de abril de 2024, cuando la parte recurrida presentó una demanda sobre incumplimiento de contrato, recisión de contrato, daños y perjuicios, dolo, fraude, engaño y descorrer el velo corporativo en

---

[2] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., entrada núm. 3.
[4] Íd., entrada núm. 4.
[5] Íd., entrada núm. 5.

contra de la parte peticionaria y JMF Realty Group.[6] Acto seguido, el 11 de abril de 2024, el TPI expidió los correspondientes emplazamientos de los codemandados, aquí la parte peticionaria.[7]

El 5 de agosto de 2024, la parte recurrida presentó una *Moción solicitando se autorize (sic) emplazamiento por edicto; sometiendo evidencia de diligenciamiento negativo y proyecto de emplazamiento*.[8] Alegó que, a pesar de las múltiples gestiones para emplazar personalmente a la parte peticionaria, estas han sido negativas y no han podido localizar a dicha parte físicamente para ser emplazada. Junto a la moción, incluyó una declaración jurada como prueba del diligenciamiento negativo de emplazamiento y solicitó al TPI que se autorizara emplazar por edicto.

El 7 de agosto de 2024 y notificada el 8 de agosto de 2024, el TPI emitió una *Orden* en la que declaró No Ha Lugar la solicitud para emplazar por edicto.[9] Determinó que las gestiones del emplazador para dar con el paradero de los entes corporativos y sus agentes fueron incompletas.

El 9 de agosto de 2024, la parte recurrida presentó una *Moción urgente informativa y de solicitud.*[10] En esta, incluyó una declaración jurada suplementaria que, a su juicio, exponía y detallaba las gestiones que fueron expuestas, de manera general, en la primera declaración jurada del 2 de agosto de 2024. Así las cosas, solicitó la reconsideración de la determinación del foro primario que le denegó la autorización para emplazar por edicto. La declaración jurada no estaba firmada ni juramentada.

Ese mismo día, notificada el 12 de agosto de 2024, el TPI emitió una *Orden* en la que dispuso que nada tenía que proveer

---

[6] Véase entrada núm. 1 del expediente digital del caso en el SUMAC-TPI.
[7] Íd., entradas núm. 2 a la 5.
[8] Íd., entrada núm. 6.
[9] Íd., entrada núm. 7.
[10] Íd., entrada núm. 8.

porque la declaración jurada suplementaria, unida como anejo a la moción previa, no era válida en derecho.[11]

El 12 de agosto de 2024, la parte recurrida presentó una *Moción urgente informativa y de reconsideración.*[12] En esta, solicitó la reconsideración de la *Orden* previa pues alegó que, por error, presentó el documento incorrecto. Suplicó que se aceptara la declaración que fue juramentada dentro del término reglamentario y se sustituyera la sometida por error.

Ese mismo día, el TPI emitió una *Orden* en la que determinó que aún permanecían incompletas las gestiones que pudo haber realizado el emplazador para dar con el paradero de la parte peticionaria por lo que declaró No Ha Lugar la solicitud para emplazar por edicto.[13]

El 20 de agosto de 2024, la parte recurrida presentó una *Segunda moción de reconsideración para que se autoricen los emplazamientos por edicto y de solicitud de desistimiento parcial.*[14] Con esta, acompañó una segunda declaración jurada suplementaria y suplicó al tribunal que reconsiderara su determinación y autorizara el emplazamiento por edicto. Indicó, además, que desistía de la demanda en contra de JMF Realty Group.

El 21 de agosto de 2024, el TPI emitió una *Orden* para que la parte recurrida argumentara en derecho sobre las gestiones realizadas ya que las fechas informadas en la declaración jurada, anejada a la moción, sobrepasaban el término de ciento veinte (120) días para emplazar.[15]

---

[11] Íd., entrada núm. 9.
[12] Íd., entrada núm. 10.
[13] Íd., entrada núm. 11.
[14] Íd., entrada núm. 12.
[15] Íd., entrada núm. 13.

El 28 de agosto de 2024, la parte recurrida solicitó una prórroga para cumplir con lo ordenado.[16] El 28 de agosto de 2024, el TPI emitió una *Orden* concediendo dicha solicitud.[17]

El 2 de septiembre de 2024, la parte recurrida presentó una *Moción en Cumplimiento de Orden.*[18] Alegó que, las gestiones posteriores al término de ciento veinte (120) días fueron de continuidad y corroboración, de aquellas realizadas dentro del término para emplazar. Arguyó que, dichas gestiones deben ser vistas como una extensión lógica y necesaria del esfuerzo continuo, dirigido a emplazar al demandado evasor. Dicha parte argumentó que, el tribunal, en el ejercicio de su discreción, puede evaluar la razonabilidad de dichas gestiones en su totalidad y no únicamente en función del cumplimiento técnico de los plazos. Así la cosas, nuevamente, solicitó la autorización del emplazamiento por edicto.

El 10 de septiembre de 2024, el TPI emitió una *Orden* concediendo un término de cinco (5) días para que la parte recurrida subsanara el escrito presentado por contener citas jurisprudenciales erradas, o, de lo contrario, el tribunal denegaría la petición de emplazamiento por edicto, por efectuarse la misma fuera del término reglamentario procesal.[19]

El 16 de septiembre de 2024, la parte recurrida presentó una *Moción de subsanación en cumplimiento de orden.*[20] En esta, reiteró que las gestiones posteriores al término de ciento veinte (120) días fueron gestiones de continuidad y corroboración de las gestiones antes realizadas dentro del plazo para emplazar. En virtud del análisis jurídico que expuso, solicitó al tribunal que valide las gestiones realizadas por el emplazador y permita el emplazamiento por edicto.

---

[16] Íd., entrada núm. 14.
[17] Íd., entrada núm. 15.
[18] Íd., entrada núm. 16.
[19] Íd., entrada núm. 17.
[20] Íd., entrada núm. 18.

El 20 de septiembre de 2024, el TPI ordenó la expedición del emplazamiento por edicto.[21]

El 22 de diciembre de 2024, la parte peticionaria presentó una *Moción en solicitud de desestimación sin someterse a la jurisdicción del tribunal.*[22] Alegó que, por tercera ocasión, la parte recurrida instó una demanda sobre las mismas causas de acción que las anteriores demandas, por alegados actos contractuales realizados por las partes en el año 2009. Sin someterse a la jurisdicción, la parte peticionaria suplicó la desestimación de la demanda bajo el fundamento de falta de jurisdicción. Esta hizo un recuento del tracto procesal del caso y, adujo que, la parte recurrida tardó ciento veinte (120) días en realizar las gestiones que estaba obligada por la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3. Señaló que, al solicitar, por primera vez, que se expidiera el emplazamiento por edicto, incluyó una declaración jurada inválida que no cumplía con los requisitos que justificaran dicha solicitud. Posteriormente, en la fecha final para solicitar el emplazamiento por edicto, presentó una declaración jurada sin firmar ni juramentar. Asimismo, aludió a que, ya fuera del término, presentó, por orden del tribunal, una declaración jurada suplementaria para subsanar el error e intentar justificar las gestiones realizadas. Arguyó que, esas gestiones posteriores no interrumpieron el término toda vez que la fatalidad de haber transcurrido los ciento veinte (120) días ya se había constituido y, por ende, estas no fueron realizadas conforme a derecho.

Argumentó que, el concepto de continuidad y corroboración de las gestiones para emplazar expuesto por la parte recurrida, para justificar el incumplimiento con el término, no existe en nuestro ordenamiento jurídico vigente. Así las cosas, adujo que, la parte

---

[21] Íd., entrada núm. 19.
[22] Íd., entrada núm. 23.

peticionaria no fue debidamente emplazada por lo que el foro primario no ha adquirido jurisdicción sobre esta.

El 19 de febrero de 2025, la parte recurrida presentó una *Réplica a moción en solicitud de desestimación sin someterse a la jurisdicción del tribunal y solicitud de anotación de rebeldía.*[23] Adujo que, las gestiones del emplazador fueron ampliamente discutidas y con datos específicos en tres (3) declaraciones juradas, incluyendo dos (2) suplementarias. Arguyó que, el TPI examinó el contenido de las mismas y concluyó que la parte recurrida hizo un esfuerzo honesto al tratar de emplazar personalmente. Asimismo, sostuvo que las gestiones realizadas fuera del término de ciento veinte (120) días se realizaron de manera repetida y reiteraban las diligencias realizadas dentro del término de emplazamiento. Además, mencionó que el documento insuficiente fue subsanado inmediatamente.

Por su parte, alegó que, la solitud para emplazamiento por edicto fue presentada el 5 de agosto de 2024, a cuatro (4) días antes de vencer el término de ciento veinte (120) días por lo que la misma fue oportuna y dentro del término improrrogable para el emplazamiento personal.

El 17 de marzo de 2025, la parte peticionaria presentó una *Moción en cumplimiento de orden entiéndase dúplica a la réplica de moción en solicitud de desestimación sin someterse a la jurisdicción del tribunal.*[24] En la misma, reiteró su alegación de que la parte recurrida no acreditó, correcta y válidamente, las gestiones realizadas para emplazar personalmente a la parte peticionaria, ni completó su solicitud para emplazar por edicto dentro del término de ciento veinte (120) días. Así, insistió en que, la parte peticionaria no ha sido debidamente emplazada por lo que el tribunal no adquirió jurisdicción sobre ésta.

---

[23] Íd., entrada núm. 31.
[24] Íd., entrada núm. 33.

Posteriormente, por virtud de la orden emitida en la vista celebrada el 2 de abril de 2025 para discutir los méritos de la moción de desestimación, [25] el 25 de abril de 2025, la parte recurrida presentó un *Memorando de derecho* con relación a la solicitud de desestimación de la parte peticionaria.[26] Asimismo, el 28 de abril de 2025, la parte peticionaria presentó un *Memorando de derecho sin someterse a la jurisdicción del tribunal.[27]*

El 10 de febrero de 2026 y notificada el 13 de febrero de 2026, el TPI emitió una *Resolución.*[28] En lo pertinente, concluyó, reconociendo que recibir una declaración jurada y dos (2) declaraciones juradas suplementarias antes de autorizar un emplazamiento por edicto, no es lo usual en este tipo de procedimientos, el tribunal tiene discreción para atender los planteamientos de derecho de las partes y reconsiderar sus propias decisiones. Estableció que, el tribunal no aprobó la solicitud de emplazamiento por edicto cuando recibió la primera moción de la parte recurrida, el 5 de agosto de 2024, sin embargo, señaló que, en reconsideración, aprobó la solicitud y emitió *Orden* de emplazamiento por edicto, el 17 de septiembre de 2024. Resolvió que, si la solicitud de emplazamiento por edicto fue presentada y aprobada dentro del término de los ciento veinte (120) días para emplazar, procede la expedición de los emplazamientos para que sean diligenciados. Indicó que, evaluó las gestiones realizadas para diligenciar el emplazamiento de la parte peticionaria de forma personal y, así las cosas, autorizó el emplazamiento por edicto.

En definitiva, sostuvo que, el hecho de que no se autorizara en la primera solicitud para emplazar por edicto, no le quita discreción al tribunal y potestad para reconsiderar sus decisiones.

---

[25] Íd., entrada núm. 35, Minuta de la vista celebrada el 2 de abril de 2025.
[26] Íd., entrada núm. 38.
[27] Íd., entrada núm. 39.
[28] Íd., entrada núm. 42.

En consecuencia, declaró No Ha lugar la solicitud de desestimación y le concedió un término a la parte peticionaria para presentar su alegación responsiva.

Inconforme, el 12 de marzo de 2026, la parte peticionaria presentó el recurso de *Certiorari* de epígrafe en el que formuló los siguientes señalamientos de error:

**PRIMER ERROR**: Cometió Error el Tribunal de Instancia y grave abuso de discreción al declarar no ha lugar la solicitud de desestimación presentada por los demandados-recurrentes quienes nunca fueron emplazados personalmente, ni por edicto conforme a la ley debido a que el procedimiento fue defectuoso, incompleto; y realizado fuera del término de 120 días que establece la Regla 4.3 (c) siendo la autorización para emplazar por edictos una nula al igual que la Resolución recurrida.

**SEGUNDO ERROR**: Cometió Grave Error el Tribunal de Instancia al permitir que los demandantes-recurridos se extendieran en sus gestiones para tramitar y obtener el emplazamiento por edictos fuera del término de 120 días lo que equivale a una prórroga prohibida por ley. *Sánchez Ruiz v Higuera Pérez, Agencia de la Publicaciones 305 Group*, LLC., 2020 TSPR 11; 203 DPR 982

**TERCER ERROR**: Cometió Grave Error el Tribunal de Instancia al disponer de manera categórica el planteamiento de falta de jurisdicción ante el hecho de que los demandantes-recurridos no completaron válidamente el trámite para obtener la orden de emplazamiento por edicto dentro del término de 120 días establecido por la Regla 4.3 (c) de las de Procedimiento Civil.

**CUARTO ERROR**: Erró el Tribunal al deslindar o fraccionar el concepto de la solicitud de Emplazamiento Por Edicto del cumplimiento de los elementos medulares y requisitos de rango constitucional que conforman la misma sin considerar que un affidavit insuficiente en derecho equivale a la nulidad de dicho emplazamiento por edicto y a la falta de jurisdicción del tribunal sobre la parte demandada, en armonía con la Regla 4.7 de las de Procedimiento Civil.

**QUINTO ERROR**: Erró el Tribunal al acoger la teoría de "continuidad y corroboración" planteada por la parte

demandante, en virtud de la cual se presentó, posterior a los 120 días para emplazar personalmente o solicitar emplazamiento por edicto, affidavits que contenían gestiones realizadas posterior al término fatal.

**SEXTO ERROR**: Erró el Tribunal en su apreciación sobre el alcance y límites de su discreción judicial aplicada al carácter estricto e improrrogable de los 120 días para emplazar, Regla 4.3 (c), de Procedimiento Civil de Puerto Rico.

Alegó que, al prorrogar y declarar como válidas las gestiones interrumpidas, defectuosas e incompletas, realizadas fuera del término reglamentario para emplazar por edicto, el TPI incurrió en un craso error de derecho por carecer de jurisdicción sobre la parte peticionaria. Adujo que, ya expirado el término de ciento veinte (120) días, la parte recurrida presentó una declaración jurada insuficiente en derecho y continuó realizando gestiones para obtener la aprobación del TPI para que fuera expedido el emplazamiento por edicto.

La parte peticionaria señaló que, la parte recurrida solicitó el emplazamiento por edicto, a cuatro (4) días antes de vencerse el término de ciento veinte (120) días permitido por las Reglas de Procedimiento Civil, *supra,* no obstante, el TPI determinó que la declaración jurada era insuficiente. Así las cosas, aludió a que, el último día para solicitar el emplazamiento, la parte recurrida presentó una moción con una declaración jurada, sin firmar ni juramentar, por lo que se debió concluir que la gestión realizada para solicitar el emplazamiento por edicto fue incompleta, insuficiente, errónea e inválida. Asimismo, arguyó que, los intentos para subsanar la deficiencia de la declaración jurada se hicieron cuando ya había expirado el término por lo que la determinación del TPI transcurrido dicho término, constituyó una prórroga tácita de un término improrrogable. Por ello, argumentó que la parte

peticionaria no ha sido debidamente emplazada, por lo que el TPI no adquirió jurisdicción sobre ésta.

Por otro lado, el 24 de marzo de 2026, la parte recurrida presentó su oposición a la expedición del recurso. Arguyó que la solicitud de emplazamiento por edicto fue presentada oportunamente, cuatro (4) días antes que venciera el término, y, junto con dos (2) declaraciones juradas. Adujo que, las gestiones que realizaron fuera del término de ciento veinte (120) días fueron gestiones repetidas. Argumentó que, la expedición del emplazamiento por edicto se autorizó en estricto cumplimiento con la Regla 4.6 de Procedimiento Civil, *supra*, R. 4.6, por lo que el TPI actuó de manera correcta y en el ejercicio de sus funciones al denegar la moción de desestimación. Por lo anterior, sostuvo que el dictamen recurrido no justifica la intervención de este tribunal apelativo.

Posteriormente, el 13 de abril de 2026, la parte recurrida presentó otro alegato en oposición. En resumen, insistió en que el foro primario actuó correctamente y dentro del ejercicio de sus funciones al rechazar la desestimación. Arguyó que, el TPI determinó que las gestiones se hicieron dentro del término estatutario de ciento veinte (120) días para emplazar personalmente y, que la autorización para emplazar por edicto se hizo en cumplimiento con la Regla 4.6 de Procedimiento Civil, *supra*, y la jurisprudencia interpretativa. Por lo que, sostuvo que, no hubo pasión, perjuicio, parcialidad o error que justifique nuestra intervención.

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

### III.

### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[29]

---

[29] Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371, 394 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, supra. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, supra, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

El emplazamiento es un mecanismo procesal por el cual se le notifica al demandado, a grandes rasgos, sobre la existencia de una reclamación presentada en su contra y se le requiere comparecer para formular la alegación que corresponda. ***Ross Valedón v. Hosp. Dr. Susoni et al.,*** 213 DPR 481, 487 (2024). Este mecanismo también se utiliza para que un tribunal pueda adquirir jurisdicción sobre el demandado de forma que este quede obligado por el dictamen que en su día recaiga. *Íd.,* pág. 487-488; ***Rivera Marrero v. Santiago Martínez***, 203 DPR 462, 480 (2019). En otras palabras, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial". ***Pérez Quiles v. Santiago Cintrón***, 206 DPR 379, 384 (2021), citando a ***Acosta v. ABC, Inc.***, 142 DPR 927 (1997). Cónsono con lo anterior, "no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal". ***Rivera Marrero v. Santiago Martínez***, supra, pág. 483 (Énfasis suprimido) (citas omitidas); ***Torres Zayas v. Montano Gómez et als.***, 199 DPR 458, 467 (2017). Es por ello por lo que el demandante ostenta la obligación de dar cumplimiento estricto a los requisitos del emplazamiento y a su diligenciamiento, pues existe una política pública que requiere que el demandado sea emplazado y notificado debidamente "para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley". ***Rivera Marrero v. Santiago Martínez***, supra, pág. 480; Véase, además, ***Ross Valedón v. Hosp. Dr. Susoni et al.,*** supra; ***Pérez Quiles v. Santiago Cintrón***, supra.

Las Reglas de Procedimiento Civil, *supra*, establecen dos formas en las que se podrá diligenciar el emplazamiento. A saber, de

manera personal o mediante edictos. ***Sánchez Ruiz v. Higuera Pérez y otros***, 203 DPR 982, 987 (2020); ***Rivera Báez v. Jaume Andújar***, 157 DPR 562, 575 (2002). La Regla 4 de Procedimiento Civil, *supra*, R. 4, regula el proceso y las formalidades del emplazamiento en casos civiles. ***Fidencia Amparo Bonilla Sánchez v. Oria F. Orta y otros***, 2026 TSPR 32, 218 DPR ___ (2026); ***Ross Valedón v. Hosp. Dr. Susoni et al.,*** supra; ***Pérez Quiles v. Santiago Cintrón***, supra. Como parte de ese proceso, la parte demandante debe presentar un formulario de emplazamiento junto a la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de Procedimiento Civil, *supra*, R. 4.1; ***Torres Zayas v. Montano Gómez et als.***, supra, págs. 468-469. Luego de expedirse el emplazamiento, el término para diligenciarlo es de ciento veinte (120) días improrrogables, a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c); ***Bernier González v. Rodríguez Becerra***, 200 DPR 637 (2018); ***Torres Zayas v. Montano Gómez et als.***, supra. Una vez transcurre dicho término, sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia ordenando la desestimación y archivo sin perjuicio. Regla 4.3 (c) de Procedimiento Civil, *supra*. Ahora bien, una subsiguiente desestimación y archivo por incumplimiento con dicho término tendrá el efecto de una adjudicación en los méritos. Íd.

Los requisitos dispuestos por la Regla 4 de Procedimiento Civil, *supra*, son de estricto cumplimiento. ***Rivera Marrero v. Santiago Martínez***, supra; ***Torres Zayas v. Montano Gómez et als.***, supra. Aun así, la falta de un emplazamiento correcto dirigido a la parte demandada produce la nulidad de la sentencia emitida por falta de jurisdicción sobre dicha parte. ***Torres Zayas v.***

*Montano Gómez et als.*, supra, págs. 468-469; *Lanzo Llanos v. Banco de la Vivienda*, 133 DPR 507, 512 (1993).

Entretanto, la Regla 4.6 de Procedimiento Civil, *supra*, permite el emplazamiento mediante edictos y regula su publicación en periódicos de circulación general. En lo pertinente, prescribe lo siguiente:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto. Regla 4.6 de Procedimiento Civil, *supra*.

Estos requisitos persiguen evitar el fraude y, por ello, siempre se ha requerido su más estricto cumplimiento. *Lanzo Llanos v. Banco de la Vivienda*, supra, pág. 513. Así, el tribunal podrá conceder el permiso para emplazar mediante edictos únicamente cuando se demuestre de forma fehaciente que se han llevado a cabo aquellas diligencias potencialmente efectivas con el fin de encontrar a la persona demandada. Íd. A esos efectos, la declaración jurada debe contener hechos específicos demostrativos de dicha diligencia y no meras generalidades. Íd., citando a *Mundo v. Fúster,* 87 DPR 363 (1983). Entre estos, nuestro más alto foro ha listado algunos ejemplos de lo que sería una buena práctica al intentar encontrar a la persona demandada, tales como expresar con qué personas se investigó y su dirección, y acudir a autoridades como la policía y la alcaldía. Íd., págs. 513-514. Sin embargo, estos ejemplos no

constituyen una enumeración cerrada de posibilidades, ni sirven como fundamentos para la recitación automática de alegaciones estereotipadas para obtener la autorización del foro primario para emplazar mediante edictos. Íd., pág. 514. En fin, la determinación del tribunal sobre si el demandante ha sido diligente en su gestión se hará caso a caso, respondiendo a los hechos particulares de cada uno. Íd. Es vital que dicha solicitud de autorización para emplazar por edicto se haga dentro del término de veinte días (120) días desde la expedición de los emplazamientos.

Esta procederá siempre que la parte demandante presente la petición antes de que finalice el término de los ciento veinte (120) días para el diligenciamiento personal del emplazamiento y, que la declaración jurada acredite las diligencias infructuosas realizadas. *Fidencia Amparo Bonilla Sánchez v. Oria F. Orta y otros*, supra; *Sánchez Ruiz v. Higuera Pérez y otros*, pág. 988-989. Así, la parte demandante tendrá un nuevo plazo improrrogable de ciento veinte (120) días para emplazar por edicto, que comenzará a decursar una vez se autorice el emplazamiento por edicto. *Fidencia Amparo Bonilla Sánchez v. Oria F. Orta y otros*, supra; *Sánchez Ruiz v. Higuera Pérez y otros*, pág. 994-995.

**IV.**

Mediante el presente recurso, la parte peticionaria imputó al TPI la comisión de seis errores. Por estar estrechamente relacionados, los discutiremos en conjunto.

En esencia, dicha parte alega que no fue debidamente emplazada por lo que el TPI no tiene jurisdicción sobre esta. Sostiene que, de la cuarta y última declaración jurada presentada por la parte recurrida, para demostrar las gestiones realizadas para emplazar personalmente y como requisito para solicitar el emplazamiento por edicto, surge que se realizaron gestiones luego de haber transcurrido el término de ciento veinte (120) días para el emplazamiento.

Además, aduce que, el TPI incidió al prorrogar tácitamente el término para emplazar, aun reconocido que dichas gestiones se realizaron fuera del término establecido en la Regla 4.3(c) de Procedimiento Civil, *supra.*

En cambio, la parte recurrida, arguye que, el TPI aquilató las múltiples declaraciones juradas, solicitó aclaraciones, validó que las gestiones realizadas dentro del término cumplían con el estándar de debida diligencia y rechazó aquellas que no estaban dentro del término. Por lo cual sostiene que el TPI sí tiene jurisdicción.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, determinamos ejercer nuestra facultad revisora con el propósito de conceder una solución justa en derecho, pues concluimos que el TPI cometió los errores señalados.

Según hemos pormenorizado, el emplazamiento es el mecanismo procesal por el cual el tribunal adquiere jurisdicción sobre la persona y la Regla 4.3 (c) de las de Procedimiento Civil, *supra*, R. 4.3 (c) dispone claramente que el emplazamiento será diligenciado dentro del término de ciento veinte (120) días, a partir de la presentación de la demanda o de la fecha expedición del emplazamiento por edicto. Sabido es que, <u>dicho término es improrrogable</u> y, si dentro de los ciento veinte (120) días no se ha podido diligenciar el emplazamiento, automáticamente procede la desestimación de la causa de acción. ***Bernier González v. Rodríguez Becerra***, supra, pág. 649.

En nuestro ordenamiento jurídico, en los casos en los cuales la persona a ser emplazada resida fuera de Puerto Rico, no se pudiese localizar a pesar de las diligencias necesarias, o se ocultare para no ser emplazada personalmente, la Regla 4.6 de Procedimiento Civil, *supra*, R. 4.6, provee para que,

excepcionalmente, sea emplazada mediante edicto, previa autorización del tribunal. ***Sánchez Ruiz v. Higuera Pérez y otros***, *supra.* Ahora bien, una solicitud para que se expidan emplazamientos por edicto <u>tendrá que presentarse previo a que venza el plazo de ciento veinte (120) días para diligenciar el emplazamiento personal</u>. Íd., pág. 994. Asimismo, esta Regla dispone que la desestimación y el archivo sin perjuicio es la consecuencia o sanción que se le impone a la parte que incumple con el plazo de ciento veinte (120) días sin justa causa.

En este caso, la parte recurrida, si bien presentó una solicitud de emplazamiento por edicto previo al vencimiento del referido plazo, la misma fue insuficiente, razón por la cual fue denegada por el foro primario. Posteriormente, en el último día del término para presentar la solicitud, la parte recurrida solicitó nuevamente la autorización para emplazar por edicto, pero aun fue insuficiente para el tribunal. Inconforme, la parte recurrida insistió en su solicitud, presentando varias mociones junto a declaraciones juradas suplementarias. Para la fecha del 9 de agosto de 2024, la parte recurrida se encontraba ante el último día en término para solicitar el emplazamiento por edicto. No obstante, incluyó una declaración jurada sin firmar ni juramentar y, al 12 de agosto de 2024, cuando lo intentó subsanar, el término improrrogable había vencido. Nótese que, la *Orden* del TPI que aprobó la expedición del emplazamiento por edicto ocurrió el 20 de septiembre de 2024, cuando ya habían transcurrido cuarenta y dos (42) días del vencimiento del término reglamentario de ciento veinte (120) días para emplazar.

Conforme a lo propuesto por la parte peticionaria, el término de los ciento veinte (120) días para diligenciar su emplazamiento, dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *supra*, comenzó a decursar el 11 de agosto de 2024. Según surge del expediente, no

fue hasta el 16 de septiembre de 2024, que la parte recurrida presentó la solicitud, que fuera hecha conforme a derecho, para emplazar por edicto. Por lo que, correspondía al foro primario denegar la expedición del emplazamiento por edicto y, consecuentemente, desestimar el caso por falta de jurisdicción. En este caso, el TPI le permitió a la parte recurrida, de manera errada, múltiples oportunidades para que intentara subsanar las deficiencias de la declaración jurada, que demostraba las gestiones realizadas por el emplazador, para notificar personalmente a la parte peticionaria de la acción en su contra, cuando ya había vencido el término improrrogable.

La Regla 4.3 (c) de Procedimiento Civil, *supra*, no concede discreción al tribunal para extender, tácitamente y bajo el fundamento de su discreción y potestad para reconsiderar sus propias decisiones, el término reglamentario y acoger una solicitud para emplazar por edicto, cuando ya había vencido el término que comenzó a de cursar al expedirse los emplazamientos para diligenciarse personalmente.

En virtud de lo anterior, determinamos que la solicitud para emplazar por edicto fue hecha a destiempo y la parte peticionaria no fue debidamente emplazada, dentro del término de ciento veinte (120) días, establecido en la Regla 4.3 (c) de Procedimiento Civil, *supra*, por lo que el TPI no tiene jurisdicción sobre dicha parte. Así, resolvemos que, el foro primario incidió al no conceder la solicitud de desestimación incoada por la parte peticionaria. Por lo que, procede desestimar la demanda en contra de dicha parte.

La desestimación será con perjuicio, toda vez que, conforme a la precitada Regla 4.3 de Procedimiento Civil, *supra*, y por razón de que se trata de la segunda ocasión en que se ordena la desestimación por el incumplimiento con el diligenciamiento del emplazamiento, la misma tiene el efecto de una adjudicación en los

méritos. Adviértase que, los apelados han presentado demanda bajo la misma causa de acción, en contra de los apelantes, en (3) tres ocasiones, incluyendo la de epígrafe, la primera desistida y la segunda desestimada por estos no cumplir con los términos para emplazar.

**V.**

Por los fundamentos que anteceden, se expide el auto de *Certiorari* y se revoca la *Resolución* recurrida. En consecuencia, se desestima la *Demanda,* con perjuicio, en contra de la parte peticionaria.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones